By the 'Court.
 

 On May 18, 1932, relator instituted in this court his action in mandamus in which he asks for a writ commanding the Industrial Commission to grant a rehearing of his claim for compensation on account of accidental injuries suffered by him in October, 1926.- The cause was submitted upon the petition, the commission’s answer, and an agreed statement of facts.
 

 On April 14, 1928, the relator filed his application for compensation, alleging that he fell from a stepladder in October, 1926, and suffered injuries consisting of inguinal hernia, phlebitis of the right leg, with paralysis of the right side of his body. On the application blank the attending physician described the injuries as “right inguinal hernia; phlebitis, right leg; right hemiplegia.” The application was adjourned from time to time for hearing, but was finally
 
 *33
 
 heard by the commission on August 21, 1928, at which time it adopted the finding- and recommendation of its reviewer that “the hemiplegia from which the claimant is now suffering is not due to the hernial condition sustained some time in October 1926.”
 

 Notice of that action was mailed to claimant’s address ; no rehearing was asked by the claimant within thirty days thereafter. On May 17, 1930, he filed an application for modification of the award on the ground that the commission never passed upon his right of compensation, and that, while the commission had found that the disability was not the result of the hernia, it had not passed upon the question whether his present hemiplegia resulted from his injuries. The statements contained in the modification application of May 17, 1930, are not borne out by the record, since it appears that on August 21, 1928, the commission adopted the recommendation of its investigator finding “that the hemiplegia from which the claimant is now suffering is not due to the hernial condition sustained some time in October 1926.” On January 5, 1931, the application for modification filed May 17, 1930, was dismissed, the commission being of the opinion that its finding of August 21, 1928, was final, and that up to and until the filing of the application for modification by claimant of May 17, 1930, all steps in the former proceedings had been taken by the physician “who apparently is related to the alleged claimant in some way.” The applicant filed his application for a rehearing of that order on February 2,1931, and on July 11, 1931, the commission dismissed it for the reason that it had taken final action on August 21, 1928, and because the applicant had filed no application for rehearing in due time following such action.
 

 This record clearly discloses that the denial of compensation by the commission on August 21, 1928, was based on its finding that applicant’s hemiplegia did not result from the injury incurred by him in October
 
 *34
 
 1926. The claimant’s effort of May 17, 1930, nearly two years thereafter, to circumvent the thirty-day requirement of filing a motion for rehearing, by the filing of an alleged “application for modification,” was merely an endeavor to re-examine the same question determined on the original hearing, viz., whether' claimant’s hemiplegia was caused by his injury in 1926.
 

 If after the thirty-day period a claimant be permitted to reopen the case,
 
 ad libitum,
 
 by filing applications to “modify” or to “reconsider” the commission’s order, as here attempted, and if orders of the commission made therein be recognized as final actions from which appeals may be taken, there would be no fixed time limit in which appeals from final orders could be prosecuted.
 
 Industrial Commission
 
 v.
 
 Glenn,
 
 101 Ohio St., 454, 129 N. E., 687. The writ is denied.
 

 Writ denied.
 

 Marshall, C. J., Jones, Matthias, Day, Allen and Stephenson, JJ., concur.
 

 Kinkade, J., not participating.